AARON M. CLEFTON, Esq.  (SBN 318680)
PAUL L. REIN, Esq. (SBN 43053)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA  94612
Telephone:   510/832-5001
Facsimile:    510/832-4787
info@reincleftonlaw.com

Attorneys for Claimant
KELLI THOMAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI THOMAS<br><br>        Plaintiff,<br><br><br>v.<br><br><br>ROMOLAND SCHOOL DISTRICT (MESA VIEW ELEMENTARY),<br><br>        Defendant. | CASE NO. 5:23-cv-01460<br><u>Civil Rights</u><br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:<br><br>1. Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)<br><br>2. Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff KELLI THOMAS complains of Defendant ROMOLAND SCHOOL DISTRICT (MESA VIEW ELEMENTARY), and alleges as follows:

1.     **INTRODUCTION:**  On November 15, 2022, disabled Plaintiff, Kelli Thomas, went with her service dog Zoe to Mesa View Elementary located at 27227 Heritage Lake Drive, Menifee, California to attend the Lunch with a Loved One event open to the public for her two siblings (a kindergartener and a fourth grader) that attend the school.  When Plaintiff attempted to enter the event through the school's gates, the principal of Mesa View Elementary, Ms. Cyndy Guerrettaz, stopped her and told Plaintiff that dogs are not allowed on campus.  Plaintiff tried to

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

explain to Ms. Guerrettaz that Zoe is a service dog and therefore allowed to accompany her anywhere the public is allowed on campus. Ms. Guerrettaz then requested that Plaintiff provide documentation that Zoe is a service dog.  Then, without waiting for Plaintiff to respond, Ms. Guerrettaz asked Plaintiff what services Zoe provides for her.  Plaintiff began to explain the tasks that Zoe performed, but Defendant's employee yelled "No! No! No!" indicating that she did not believe Zoe is a service dog.  Ms. Guerrettaz then ordered Plaintiff to leave campus with Zoe.  Plaintiff saw that her siblings were distressed by the situation, so she ignored Ms. Guerrettaz and went to check in with her family.  However, the interaction was extremely humiliating and distressing for Plaintiff.  She could not enjoy the family event like all the other families, and her lunch was overshadowed by the unnecessary and discriminatory encounter. Despite subsequent communications with Defendant and pre-litigation attempts to educate Ms. Guerrettaz after the initial confrontation nothing was done, and no policy or training changed.

2.     As a result of Defendant's illegal acts, Plaintiff suffered denial of her civil rights and suffered physical, mental and emotional damages.  Plaintiff still needs to attend events at Mesa View Elementary to support her siblings who attend the school, but she does not feel free to do so until Defendant's policies at the Mesa View Elementary and the Romoland School District are made accessible to disabled individuals who use service dogs, including revision of its service dog policies, necessary employee training and/or re-training, and placing appropriate signage on school district properties. She has brought this lawsuit to force Defendant to change its discriminatory and illegal policies, and to force Defendant to compensate her for refusing her entry to the property with her service dog because she is a disabled person who needs the assistance of her qualified service dog.  Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog at Romoland School District property.

3.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

4.    **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

5.    **INTRADISTRICT:**  This case should be assigned to the Eastern intradistrict because the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

6.    **PARTIES:**  Plaintiff Kelli Thomas is a "qualified" disabled person. Plaintiff has suffered from severe anxiety since childhood which affects her ability to leave her leave home and causes her to experience panic attacks.  She becomes claustrophobic in crowds.    Plaintiff relies upon her service dog Zoe to assist her by alerting her when her anxiety and panic levels rise above her normal base levels. Additionally, when Plaintiff is experiencing a panic attack, Zoe performs either deep pressure or light pressure therapy on command to assist Plaintiff in calming down. Plaintiff personally trained Zoe to assist her with the task she performs with the assistance of professional trainers.  Plaintiff and Zoe have trained extensively so that Zoe can provide Plaintiff with the specific assistance she needs. Plaintiff is a qualified person with a disability as defined under federal and state law.  42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

7.    Defendant ROMOLAND SCHOOL DISTRICT, is and was at all times relevant to this Complaint the owner, operator, lessor and/or lessee of the subject business, property and building located at 27227 Heritage Lake Drive, Menifee, California, known as Mesa View Elementary. Mesa View Elementary school is within the Romoland School District.

8.    Mesa View Elementary is a place of "public accommodation" subject

to the requirements *inter alia* of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 54 *et seq*.

9.  **GOVERNMENT CLAIM**:  On or about May 4, 2023, Plaintiff made a claim to the Romoland School District, a government entity, which was expressly rejected on June 13, 2023.

10.  **FACTUAL STATEMENT:**  Plaintiff Kelli Thomas has been working with her service dog Zoe for over 2 years.  Plaintiff has trained Zoe to serve her specific needs throughout their relationship.

11.  Zoe is a working dog; she is not a pet.  Plaintiff and Zoe have trained extensively together, and they supplement that training daily.  It is important they stay together at all times because (a) Zoe provides important services for Plaintiff; and (b) it is part of the training and bonding requirement that they be together constantly to maintain their bond.  Where Plaintiff goes, Zoe goes.

12.  On or about November 15, 2022, Plaintiff went to Mesa View Elementary School to attend the Lunch with a Loved One Event for her two siblings (a kindergartener and a fourth grader) that attend the school.  She arrived on campus with her service dog Zoe, who was wearing a vest which clearly identified her as a service dog, around 10:50 am.

13.  The principal of Mesa View Elementary, Ms. Cyndy Guerrettaz, was inside the school gate greeting the students' loved ones as they arrived.  As Plaintiff entered the gate, Ms. Guerrettaz stopped her and told Plaintiff that dogs are not allowed on campus.  Plaintiff acknowledged the "no dogs" policy, but informed Ms. Guerrettaz that Zoe is a service dog and therefore allowed to accompany.  However, Ms. Guerrattaz reiterated that no dogs are allowed on campus.  Plaintiff explained that Zoe has been licensed by the City of Menifee as a service dog/assistance animal and has been prescribed by her doctor.

14.  Ms. Guerrettaz then asked Plaintiff to provide documentation that Zoe is a service dog.  Plaintiff was confused by this request since documentation for

4

service animals is not required by the ADA or state access laws. Ms. Guerrettaz then asked Plaintiff, "What services does your dog provide?" Plaintiff began to explain the tasks Zoe has been trained to perform for her, including deep and light pressure therapy, but Ms. Guerrettaz interrupted her explanation and yelled "No! No! No!" as if those tasks were not valid tasks that a service dog could perform. She then ordered Plaintiff to leave campus because Zoe was a "liability" that she could not have on her campus.

15.     Plaintiff saw that her sibling who is in kindergarten was watching the altercation with the principal, so she told Ms. Guerrettaz that she was going to put her things down and settle her sibling down to have lunch. Plaintiff did not want her sibling to be further upset by her interaction with the principal.

16.     After Plaintiff had settled her kindergartener, she called Animal Friends of the Valley which is in charge of service animal licensing to see if they would speak to Ms. Guerrettaz to confirm that Zoe is a registered service dog. Plaintiff returned to speak with Ms. Guerrettaz again.  Ms. Guerrettaz told Plaintiff that Zoe is "not a medical service dog." Plaintiff then put her phone on speaker so that Ms. Guerrettaz could hear and asked Animal Friends of the Valley to confirm that Zoe is a registered service dog.  They did so and read Zoe's license number to Ms. Guerrettaz.  Plaintiff then asked the person on the phone to provide Ms. Guerrettaz with information about the laws surrounding service dogs.  Ms. Guerrettaz refused to listen to them and claimed that she already knew the law.

17.     Plaintiff then asked Ms. Guerrettaz to refrain from giving her anymore issues about her service dog.  Ms. Guerrettaz told Plaintiff not to speak to her that way, and she did not offer Plaintiff any resolution or say that Zoe was allowed on campus.

18.     Plaintiff returned to the grass to have lunch with her kindergartener, but the lunch period was over by the time she returned.  As a result of Ms. Guerrettaz' interference with Plaintiff's use of her service dog, she missed lunch

with her sibling and was constructively denied access to the premises. Despite this denial, Plaintiff remained on campus to see her other sibling, whose lunch was starting soon.  Plaintiff sat on the grass to wait for her fourth grade sibling, and called the Romoland School District to complain about the situation.  By this point, Plaintiff was extremely upset and crying.  She spoke with Sandra Sanchez in the Human Resources Department to start the process of filing a complaint about the incident.  Ms. Sanchez told her that John Murray would call her back to discuss the incident.

19.    Plaintiff was physically present during lunch with her fourth grader, but she was crying and extremely upset. She could not be as emotionally present for her sibling as she would have liked.  This caused distress for both Plaintiff and her sibling.

20.    When lunch had concluded, Plaintiff returned to her car. She received a call from John Murray and informed him of the details of her incident.  After the call concluded, Plaintiff was upset and felt she could not drive safely, so Zoe had to help her calm down with deep pressure therapy before she drove home.

21.    Since the incident, Plaintiff has suffered from increased anxiety and panic attacks.  She finds it very difficult to go out in public because she is afraid of having the validity of her service dog questioned in an aggressive manner again. Further, Plaintiff is fearful of participating in school activities with her siblings at Mesa View Elementary due to the continued fear of harassment. Plaintiff is unable to attend events for siblings at Mesa View Elementary until the Defendant Romoland School District has implemented proper service animal policies and training of its staff.  Plaintiff is deterred from returning to the Mesa View Elementary until these policies and training are in place.

//

//

//

# FIRST CAUSE OF ACTION:
## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### (42 USC §§ 12101 *et seq.*)

22.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 22, above, and incorporates them herein by reference as if separately repled hereafter.

23.     In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous."  42 U.S.C. § 12101(a).

24.     At all times herein mentioned, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by any public entity as defined by 42 USC section 12131. Pursuant to 42 USC 12132, section 12132 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the "services, programs or activities" of a public entity, or be subjected to discrimination by such entity.  Plaintiff was at all times relevant herein a qualified individual with a disability for all purposes under the ADA.

25.     In violation of Title II of the ADA, Defendant has failed to ensure that individuals with physical disabilities such as the Plaintiff herein are not excluded

from "services, programs and activities" at the subject facilities and property. By reason of Defendant's failure to remove policy barriers to access at the subject facilities so as to render them "accessible to and useable by" disabled persons who use service dogs, despite actual notice of the inaccessible conditions, and by its policy decisions as above-described, including acts and omissions by any predecessors in interest, Defendant has discriminated against Plaintiff in violation of Title II of the ADA and the regulations adopted to implement the ADA. With relation to damages claimed under Title II of the ADA, each such instance of discrimination is alleged to have been intentional and/or has been created and maintained with deliberate indifference to the effect upon Plaintiff and other similarly disabled persons.

26.     As a result of such intentional discrimination, in violation of section 12132 of the ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 USC 794a), as provided by section 12133 of the ADA.

27.     On information and belief, to the date of filing of this Complaint, Defendant has failed to make the facilities and property as described herein accessible to and usable by physically disabled persons who use service animals, as required by law, and have failed to adopt policies to assure that disabled persons are provided full and equal access, including policies and regulations protecting the use of service dogs in public accommodations.

28.     Plaintiff requests that an injunction be ordered requiring that Defendant make all such facilities and properties herein described accessible to and usable by mobility impaired disabled persons and their service dogs.

29.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

30.     The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such

modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

31.    Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service -animals-2010.htm  Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

32.    Defendant has a policy and practice of denying and restricting access to people with service animals.

33.    On information and belief, as of the date of Plaintiff's most recent visit to Mesa View Elementary on or about November 25, 2022, Defendant continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

34.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing

9

the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

35.    **DAMAGES:**  Damages are available under Title II of the ADA upon a showing of intentional discrimination.  *See* 42 U.S.C. § 12133; 29 U.S.C. § 794a(a)(2); *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998); *Alexander v. Sandoval*, 531 U.S. 1049, 1517 (2001).  In order to prove intentional discrimination, Plaintiff must show that Defendant acted with "deliberate indifference" in violating her rights under Title II of the ADA.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

> Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood. *City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1988) . . . When the plaintiff has alerted the public entity to his need for accommodation (**or where the need for accommodation is obvious, or required by statute or regulation**), the public entity is on notice that an accommodation is required, and the plaintiff has satisfied the first element of the deliberate indifference test.

*Id.* 260 F.3d at 1139.

36.    Defendant had a statutory duty to ensure that its programs are readily accessible to persons with disabilities who use service dogs such as Plaintiff. 29 C.F.R. § 35.130(b)(7); *Fry v. Napoleon Community Schools*, 137 S.Ct. 743, 749-750 (2016) (citing *Sullivan v. Vallejo City Unified School Dist.*, 731 F. Supp. 947, 961-962).  Defendant refused to allow Plaintiff to enter Mesa View Elementary with her qualified service dog despite Plaintiff's clear explanation that Zoe is a service dog and what services she provides to Plaintiff.  The need for accommodation in this matter is both "clearly obvious" and "required by statute or regulation," and therefore meets and likely exceeds the standard for an award of damages under the deliberate indifference standard.  *Duvall*, 260 F.3d at 1139.

Further, Defendant was on *actual* notice of the need for accommodation because Plaintiff explicitly informed Defendant's employees that she needed an accommodation to allow her to enter Mesa View Elementary with her service dog due to her disability.  Defendant received this information and among the possible alternatives available, they then deliberately denied Plaintiff access to the school.

37.     Defendant's establishment of its discriminatory policy to deny and restrict entry to persons with service dogs, and its implementation of such a discriminatory policy against Plaintiff, indicate intentional discrimination toward Plaintiff and deliberate indifference for her rights and safety.  Plaintiff suffered damages as above described as a result of Defendant's violations.  Damages are ongoing based on her deterrence from returning to Mesa View Elementary.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC**
**FACILITIES  IN A PUBLIC ACCOMMODATION**
**(Civil Code §§ 54 *et seq.*)**

38.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 37 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

39.     Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places."  Civil Code § 54(a).

40.     Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with disabilities to "accommodations, advantages, facilities . . . hotels, lodging places of accommodation, amusement or resort, or other places to which the general public is invited."  Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training

them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

41.    Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

42.    Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

43.    Defendant is also in violation of California Penal Code section 365.5(b) which states:

> No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

44.    Mesa View Elementary is a public accommodation within the meaning of the CDPA.  On information and belief, Defendant is the owner, operator, lessor or lessee of the public accommodation.

45.    Defendant made the decision to knowingly and willfully exclude Plaintiff and her service dog from its public accommodation and thereby deny Plaintiff her right of entrance into its public accommodation with her service dog. As a result of that decision Plaintiff has faced the continuing discrimination of being barred from entering this public accommodation and place of business based

1  upon Defendant's illegal prohibition of her legally protected use of her service dog.

2  Plaintiff has continued to suffer denial of access to these facilities, and faces the

3  prospect of unpleasant and discriminatory treatment should she attempt to return to

4  these facilities.  Plaintiff is unable to return to Romoland School District until she

5  receives the protection of this Court's injunctive relief, and she has continued to

6  suffer discrimination on a daily basis since November 15, 2022, all to her statutory

7  damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3 and California

8  Penal Code section 365.5.

9        46.    **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit

10  the acts and omissions of Defendant as complained of herein which are continuing

11  on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff

12  and other members of the public who are physically disabled, including mobility

13  disabled individuals who require the assistance of service animals, from full and

14  equal access to these public facilities.  Such acts and omissions are the cause of

15  humiliation and mental and emotional suffering of Plaintiff in that these actions

16  continue to treat Plaintiff as an inferior and second-class citizen and serve to

17  discriminate against her on the sole basis that she is a person with disabilities who

18  requires the assistance of a service animal.

19        47.    Plaintiff must return to Mesa View Elementary and possibly other

20  Romoland School District schools in order to support her siblings during their

21  education but is deterred from returning to use these facilities, because the lack of

22  access and the significant policy barriers will foreseeably cause her further

23  difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such

24  acts and omissions of Defendant continue, to achieve equal access to and use of

25  these public facilities.  Therefore, Plaintiff cannot return to the Mesa View

26  Elementary and its facilities and is deterred from further patronage until these

27  facilities are made properly accessible for disabled persons, including Plaintiff and

28  other disabled persons and disabled individuals who require the assistance of a

service animal.

48.     The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to Defendant's inaccessible policies.   As to those of the Defendant that currently own, operate, and/or lease (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

49.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

50.     **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendant's actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is physically disabled and unable, because of the policy barriers created and/or maintained by the

1    Defendant in violation of the subject laws, to use the public facilities on a full and

2    equal basis as other persons.  The violations have deterred Plaintiff from returning

3    to Mesa View Elementary and will continue to cause her damages each day these

4    barriers to access and policy barriers continue to be present.

5        51.    At all times herein mentioned, Defendant knew, or in the exercise of

6    reasonable diligence should have known, that its practices at the subject facilities

7    violated disabled access requirements and standards, and would have a

8    discriminatory effect upon Plaintiff and upon other disabled persons who work with

9    service dogs, but Defendant has failed to rectify the violations, and presently

10   continues a course of conduct of maintaining policy barriers that discriminate

11   against Plaintiff and similarly situated disabled persons.

12       52.    Further, although it is not necessary for Plaintiff to prove wrongful

13   intent in order to show a violation of California Civil Code sections 54 and 54.1 or

14   of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168, 177 (1990)),

15   Defendant's behavior was intentional. Defendant was aware and/or were made

16   aware of its duties to refrain from establishing discriminatory policies against

17   disabled persons, prior to the filing of this complaint.  Defendant's establishment of

18   its discriminatory policy to deny and restrict entry to persons with service dogs, and

19   its implementation of such a discriminatory policy against Plaintiff, indicate actual

20   and implied malice toward Plaintiff and conscious disregard for her rights and

21   safety.

22       53.    **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and

23   conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and

24   costs as provided by statute, in order to enforce Plaintiff's rights and to enforce

25   provisions of the law protecting access for disabled persons and prohibiting

26   discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

27   reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions

28   of Civil Code sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to

require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

54.    Plaintiff suffered damages as above described as a result of Defendant's violations.  Damages are ongoing based on her deterrence from returning to Mesa View Elementary.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief she requests.  Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Kelli Thomas prays for judgment and the following specific relief against Defendant:

1.    An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

   a.  From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b.  To modify their policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that her service dog will not be excluded should she desire to enter Romoland School District properties;

   c.  That the Court issue preliminary and permanent injunction directing

16

Defendant as current owners, operators, lessors, and/or lessees and/or their agents of the subject property and premises to modify the above described property, premises, policies and related policies and practices to provide full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

    d. An order retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court, and there is a reasonable assurance that Defendant will continue to comply in the future absent continuing jurisdiction;

2. An award to Plaintiff of all appropriate damages, including but not limited to statutory damages, general damages in amounts within the jurisdiction of the Court, all according to proof;

3. An award of civil penalty as against Defendant under California Penal Code § 365.5(c);

4. An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California Civil Code § 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

5. An award of prejudgment interest pursuant to Civil Code § 3291;

6. Interest on monetary awards as permitted by law; and

7. Grant such other and further relief as this Court may deem just and

proper.

Date: July 25, 2023                    REIN & CLEFTON

                                       ___/s/ Aaron M. Clefton___
                                       By AARON M. CLEFTON, Esq.
                                       Attorneys for Plaintiff
                                       KELLI THOMAS

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: July 25, 2023                    REIN & CLEFTON

                                       ___/s/ Aaron M. Clefton___
                                       By AARON M. CLEFTON, Esq.
                                       Attorneys for Plaintiff
                                       KELLI THOMAS

18